# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs June 7, 2011

## MARLOW WILLIAMS v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Shelby County**
**No. 03-04090      Chris Craft, Judge**

---

**No. W2010-02037-CCA-R3-PC  - Filed August 24, 211**

---

The petitioner, Marlow Williams, appeals the denial of his petition for post-conviction relief from his aggravated robbery conviction, arguing that his appellate counsel was ineffective for failing to raise a <u>Blakely v. Washington</u>, 542 U.S. 296 (2004), challenge to the trial court's use of enhancement factors in sentencing. Following our review, we affirm the denial of the petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the Court, in which JAMES CURWOOD WITT, JR. and NORMA MCGEE OGLE, JJ., joined.

Patrick E. Stegall, Memphis, Tennessee, for the appellant, Marlow Williams.

Robert E. Cooper, Jr., Attorney General and Reporter; Meredith Devault, Senior Counsel; William L. Gibbons, District Attorney General; and Chris West, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### FACTS

In 2005, the petitioner was convicted by a Shelby County jury of two counts of aggravated robbery, a Class B felony, which the trial court later merged into a single conviction. The trial court sentenced the petitioner as a Range I offender to ten years in the Department of Correction, two years beyond the minimum sentence in his range, based on the application of the following four enhancement factors: (1) the defendant has a previous history of criminal convictions or criminal behavior in addition to those necessary to establish the appropriate range; (2) the defendant was the leader in the commission of an offense

involving two or more criminal actors; (3) the offense involved more than one victim; and (10) the defendant had no hesitation about committing a crime when the risk to human life was high. See Tenn. Code Ann. § 40-35-114(1), (2), (3), (10) (Supp. 2004). The petitioner raised several issues on direct appeal, including whether the trial court misapplied the enhancement factors to increase his sentence from the minimum in the range. We agreed that the trial court's application of enhancement factor (3) was improper but found that the other three enhancement factors were supported by the record and justified the enhanced sentence imposed by the trial court. Accordingly, we affirmed the petitioner's conviction and sentence, and our supreme court subsequently denied his application for permission to appeal. See State v. Marlow Williams, No. W2005-02803-CCA-R3-CD, 2007 WL 2781720 (Tenn. Crim. App. Sept. 25, 2007), perm. to appeal denied (Tenn. Apr. 7, 2008).

Our direct appeal opinion provides the following summary of the evidence presented at trial:

> At trial, the victim, Maan Alrebhawi, testified that he was working at the M & T Market in Memphis on August 16, 2002, when three men, including [the petitioner], entered the store. The men had most of their faces covered up, but the victim was able to see their brow area and their eyes. As the men approached the counter, the victim stated that [the petitioner] placed both of his hands on the glass counter and vaulted himself over it. Once behind the counter, [the petitioner] hit the victim in the face and then demanded that he open the cash register. [The petitioner] pointed a gun at the victim during the ordeal. The victim opened the register, and [the petitioner] took the money and left the store. According to the victim, all three of the men were armed.

Id. at *3.

The petitioner subsequently filed a timely petition for post-conviction relief in which he raised a claim of ineffective assistance of counsel. Following the appointment of post-conviction counsel, he filed an amended petition in which he alleged that his appellate counsel was deficient for failing to raise a Blakely challenge to the trial court's application of enhancement factors that were not found by the jury. The petitioner asserted that were it not for counsel's deficiency, he would have received a lesser sentence.

Prior to the July 9, 2010 evidentiary hearing, the petitioner moved to have different post-conviction counsel appointed due to counsel's refusal to raise issues that the petitioner wanted in his petition for post-conviction relief but which counsel did not believe he could ethically raise. The post-conviction court denied the petitioner's request for different counsel but accepted as an exhibit to the hearing the petitioner's *pro se* amended petition alleging the

additional grounds for relief. The court also allowed the petitioner to discuss these grounds during his testimony. We will, however, confine our summary of the evidentiary hearing testimony to the evidence that is relevant to this appeal.

Appellate counsel testified that he had been licensed to practice law since 2000 and that ninety-nine percent of his practice consisted of criminal defense. He said he briefly represented the petitioner early in the case but withdrew from representation, with his colleague taking over the case, due to a conflicting trial scheduled in another case. He resumed representation of the petitioner for the appeal, in which he raised several issues, including whether the trial court erred by not dismissing the indictment based on the violation of the Interstate Compact on Detainers, which he thought was his strongest issue, and whether the trial court misapplied enhancement factors in sentencing. Appellate counsel recalled that he did not raise a Blakely argument with respect to the trial court's application of the enhancement factors because, at the time he filed his brief, our supreme court had held in State v. Gomez, 163 S.W.3d 632, 661 (Tenn. 2005) ("Gomez I"), that Tennessee's sentencing scheme was constitutional. He said that the United States Supreme Court released Cunningham v. California, 549 U.S. 270 (2007), which ultimately resulted in our supreme court's reversal of its position in State v. Gomez, 239 S.W.3d 733 (Tenn. 2007) ("Gomez II"), during the pendency of the appeal and after he had already argued the case before the appellate court. Appellate counsel agreed that it would have been difficult to argue law that was not in existence at the time of oral argument but pointed out that he could have later submitted a letter requesting that the appellate court reconsider the sentencing issues in light of Cunningham. He acknowledged, however, that the trial court could have still applied the petitioner's fairly lengthy criminal history as an enhancement factor under Blakely and that it could have resulted in an enhanced sentence of ten years, which he thought was by no means an outrageous sentence given the petitioner's history.

The petitioner testified that he strongly believed that appellate counsel should have argued that the trial court's application of enhancement factors violated his Sixth Amendment right to trial by jury, "even though it still hadn't been determined" that it was unconstitutional in Tennessee at the time counsel filed the brief and argued the case before the appellate court.

## ANALYSIS

The petitioner contends that appellate counsel was deficient in his representation, which more probably than not resulted in his having received a greater sentence, by his failure to raise a Blakely challenge to the trial court's application of enhancement factors that were based on judicially found facts. He acknowledges that Gomez I was the state of the law in Tennessee at the time his appeal was filed. He argues, however, that appellate counsel

should have supplemented his brief and his argument with the United States Supreme Court's opinion in Cunningham, which was released while his appeal was still pending and which later resulted in our supreme court's reversal of its position in Gomez II. The State argues that the post-conviction court properly denied the petition on the basis that the petitioner failed to meet his burden of showing either a deficiency in counsel's representation or resulting prejudice to his case. We agree with the State.

The post-conviction petitioner bears the burden of proving his allegations by clear and convincing evidence. Tenn. Code Ann. § 40-30-110(f) (2006). When an evidentiary hearing is held in the post-conviction setting, the findings of fact made by the court are conclusive on appeal unless the evidence preponderates against them. See Tidwell v. State, 922 S.W.2d 497, 500 (Tenn. 1996). Where appellate review involves purely factual issues, the appellate court should not reweigh or reevaluate the evidence. See Henley v. State, 960 S.W.2d 572, 578 (Tenn. 1997). However, review of a trial court's application of the law to the facts of the case is *de novo*, with no presumption of correctness. See Ruff v. State, 978 S.W.2d 95, 96 (Tenn. 1998). The issue of ineffective assistance of counsel, which presents mixed questions of fact and law, is reviewed *de novo*, with a presumption of correctness given only to the post-conviction court's findings of fact. See Fields v. State, 40 S.W.3d 450, 458 (Tenn. 2001); State v. Burns, 6 S.W.3d 453, 461 (Tenn. 1999).

To establish a claim of ineffective assistance of counsel, the petitioner has the burden to show both that trial counsel's performance was deficient and that counsel's deficient performance prejudiced the outcome of the proceeding. Strickland v. Washington, 466 U.S. 668, 687 (1984); see State v. Taylor, 968 S.W.2d 900, 905 (Tenn. Crim. App. 1997) (noting that same standard for determining ineffective assistance of counsel that is applied in federal cases also applies in Tennessee). The Strickland standard is a two-prong test:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

466 U.S. at 687.

The deficient performance prong of the test is satisfied by showing that "counsel's acts or omissions were so serious as to fall below an objective standard of reasonableness under prevailing professional norms." Goad v. State, 938 S.W.2d 363, 369 (Tenn. 1996) (citing Strickland, 466 U.S. at 688; Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975)). The

reviewing court must indulge a strong presumption that the conduct of counsel falls within the range of reasonable professional assistance, see Strickland, 466 U.S. at 690, and may not second-guess the tactical and strategic choices made by trial counsel unless those choices were uninformed because of inadequate preparation. See Hellard v. State, 629 S.W.2d 4, 9 (Tenn. 1982). The prejudice prong of the test is satisfied by showing a reasonable probability, *i.e.*, a "probability sufficient to undermine confidence in the outcome," that "but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. The same principles apply in determining the effectiveness of trial and appellate counsel. Campbell v. State, 904 S.W.2d 594, 596 (Tenn. 1995).

Because both prongs of the test must be satisfied, a failure to show either deficient performance or resulting prejudice results in a failure to establish the claim. See Henley, 960 S.W.2d at 580. For this reason, courts need not approach the Strickland test in a specific order or even "address both components of the inquiry if the defendant makes an insufficient showing on one." 466 U.S. at 697; see also Goad, 938 S.W.2d at 370 (stating that "failure to prove either deficiency or prejudice provides a sufficient basis to deny relief on the ineffective assistance claim").

The post-conviction court made the following findings of fact and conclusions of law in denying the petitioner post-conviction relief on the basis of his claim:

> Because of our Supreme Court's repudiation of Blakely as applied to Tennessee, the law in Tennessee had apparently been settled at the time of the appeal. The petitioner's appellate brief was filed July 24, 2006, 18 months after Gomez I. The appellate opinion affirming his sentence (even though holding one enhancement factor improperly found by the trial judge, as urged by the appellate attorney) was issued September 25, 2007, prior to our Supreme Court's vacation and reversal of Gomez I in State v. Gomez, 239 S.W.3d 733 (Tenn. 2007) ("Gomez II"), which applied Blakely to Tennessee sentencing statutes after reconsidering in light of the United States Supreme Court's decision in Cunningham v. California, 549 U.S. 270, 127 S. Ct. 856, 166 L. Ed. 2d 856 (2007).

> Given the state of the law at the time, this court finds that the petitioner's appellate attorney's performance in not raising Blakely issues did not fall below an objective standard of reasonableness. . . . Given that the status of the law was that Gomez I prevailed at the time of the appeal, rejecting Blakely as applying to Tennessee's sentencing statutes, the appellate attorney was not constitutionally obligated to raise that issue on appeal.

The post-conviction court further found that the petitioner had not met his burden of showing that he was prejudiced by appellate counsel's failure to argue the Blakely issue on appeal. In so doing, the court noted that the petitioner had six prior convictions involving violence, fraud, and repeated drug use, and thus that enhancement factor (1), alone, would have been sufficient for the court to increase his sentence from the minimum term of eight years to nine or ten years. The court further noted that our supreme court, in Serrano v. State, 133 S.W.3d 599, 606 (Tenn. 2004), concluded that it could not presume that an agreed sentence that was one year over the presumptive minimum "demonstrates prejudice that would satisfy the second prong of Strickland," even assuming that the attorney who negotiated the sentencing agreement was deficient in his performance.

A brief discussion of the time line of the relevant cases is necessary for our analysis of this issue. In June 2004, the United States Supreme Court released Blakely, in which it held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Blakely, 542 U.S. at 301. Following that opinion, our supreme court concluded in Gomez I that the Tennessee Sentencing Reform Act of 1989 did not violate the dictates of Blakely. See Gomez I, 163 S.W.3d at 661. The United States Supreme Court's Cunningham decision came out on January 22, 2007, and on February 20, 2007, the Court vacated the judgment in Gomez I and remanded the case to our supreme court for reconsideration in light of Cunningham. Our supreme court responded with the October 9, 2007 release of Gomez II, in which it reversed its determination that Tennessee's sentencing scheme did not violate a defendant's Sixth Amendment right to trial by jury.

Appellate counsel argued the case at the March 6, 2007 session of this court. We then released our direct appeal opinion in the case on September 25, 2007. This was approximately a week and a half before our supreme court clarified the state of the law in Tennessee in Gomez II. It was also, however, more than half a year after the United States Supreme Court had remanded Gomez I to our supreme court with instructions to reconsider in light of Cunningham. Under such circumstances, appellate counsel should have reasonably anticipated a change in the law and taken steps to raise and preserve the issue for appeal. It is, after all, "the United States Supreme Court, rather than the Tennessee Supreme Court, [that] is the final arbiter of questions concerning the federal Constitution." State v. Mitchell Richardson, John Travis Richardson, April C. Richardson, and Amber Campbell, No. E2006-01580-CCA-R3-CD, 2008 WL 2037274, at *11 (Tenn. Crim. App. May 13, 2008) (concluding that defendants waived plenary review of their Blakely claims on direct appeal based on their failure to raise a Blakely challenge in the trial court, even though our supreme court had, at the time of their sentencing hearing, ruled in Gomez I that Tennessee's sentencing scheme was constitutional), perm. to appeal denied (Tenn. Dec. 8, 2008); but see Arthur Pirtle v. State, No. M2009-00347-CCA-R3-PC, 2010 WL 987165, at *5 (Tenn. Crim.

App. Mar. 17, 2010) (concluding in a case similar to the one at bar that counsel was not deficient for failing to raise a <u>Blakely</u> challenge at trial or on appeal because <u>Gomez I</u> was still "good law" at the time of the petitioner's sentencing hearing and the petitioner's direct appeal, in which this court's opinion was filed on June 27, 2007, "was finalized before [our] supreme court handed down [the <u>Gomez II</u>] opinion").

We agree, however, with the post-conviction court's assessment that the petitioner's criminal history would have alone justified the trial court's enhancement of the petitioner's sentence. We conclude, therefore, that the petitioner has not met his burden of showing that he was prejudiced as a result of counsel's failure to raise the <u>Blakely</u> issue on appeal and, thus, that he is not entitled to post-conviction relief. Accordingly, we affirm the denial of the petition for post-conviction relief.

## <u>CONCLUSION</u>

Based on the foregoing authorities and reasoning, we affirm the denial of the petition for post-conviction relief.

_____
ALAN E. GLENN, JUDGE